UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD BIERUTA and NANCY BIERUTA,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No. 14-5389 |

## COMPLAINT

Plaintiffs, Richard Bieruta and Nancy Bieruta, by and through their undersigned attorneys, state as follows for their complaint against the United States of America ("United States" or "Defendant"):

### Nature of the Case

1. Plaintiff Richard Bieruta, a U.S. military veteran of the Gulf War, brings this case to recover damages resulting from the negligence of The Edward Hines, Jr., Veterans Administration Hospital that occurred on July 29, 2011 at which time Mr. Bieruta was administered the Pneumovax vaccine without informed consent and without the hospital's adherence to the proper standard of care for the administration of a vaccine. The negligent administration of the Pneumovax vaccine resulted in Mr. Bieruta sustaining severe and ongoing injuries, including Guillain-Barre Syndrome and an array of related, life-threatening complications.

### Parties

2. Plaintiff Richard Bieruta is a citizen of Illinois and resides in Homer Glen, Illinois.

3. Plaintiff Nancy Bieruta is a citizen of Illinois and resides in Homer Glen, Illinois.

4. Defendant is the United States of America.

**Jurisdiction and Venue**

5. This medical negligence action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq*.

6. Plaintiffs timely filed respective federally-approved Standard Form 95s for Claims for Damage, Injury, or Death with the United States Department of Veterans Affairs on July 18, 2013. The Claims were denied on January 17, 2014.

7. This complaint is timely filed in this Court within 6 months after the Claim was administratively denied.

8. Venue is proper in this jurisdiction because the acts complained of occurred in this jurisdiction.

**COUNT I**
**Medical Negligence**

9. On and after July 29, 2011, Defendant managed, maintained, controlled, and operated a hospital known as The Edward Hines, Jr., Veterans Administration Hospital located in Hines, Illinois ("Hines VA Medical Center").

10. Defendant employed Dr. Salvador Gutierrez as a physician at the Hines VA Medical Center.

11. Defendant also employed a nurse, Julene Epps or Julene Tolar, at the Hines VA Medical Center.

12. Mr. Bieruta went to the Hines VA Medical Center on numerous occasions over several years seeking medical care, evaluation and treatment, and Dr. Gutierrez knowingly provided such medical care, evaluation and treatment to Mr. Bieruta.

13. As a result, a doctor-patient relationship existed between Mr. Bieruta and Defendant's agent and employee physician at all relevant times discussed herein, including on July 29, 2011.

14. As Mr. Bieruta's treating physician, Dr. Gutierrez, as agent for Defendant, owed Mr. Bieruta the duty to exercise ordinary care in providing health care services to Mr. Bieruta.

15. On July 29, 2011, Plaintiff Richard Bieruta underwent a routine check-up and blood work at the Hines VA Medical Center in preparation for a colonoscopy.

16. During that appointment, a Hines VA Medical Center nurse administered the Pneumovax vaccine to Mr. Bieruta.

17. Prior to receiving the vaccine, Mr. Bieruta had no discussion with his doctor or any health care professional at the Hines VA Medical Center about the possible side effects or any risks associated with the Pneumovax vaccine or about the availability of alternative options and the risks and benefits of such alternatives given Mr. Bieruta's medical history, which includes, among other things, his suffering from Gulf War Syndrome.

18. Throughout his appointment, Defendant, by and through its employees and agents, did not provide Mr. Bieruta with any written information about Pneumovax before he was administered this vaccine by Defendant's agents or employees.

19. Defendant, through its agents and employees, had a duty to obtain the informed consent from Mr. Bieruta prior to administering the Pneumovax vaccine and failed to disclose

3

potential risks associated with Pneumovax or the availability of alternative options and the risks and benefits of such alternatives prior to administering the vaccine.

20. Defendant, through its agents and employees, failed to exercise the skill and care of a reasonable health care professional during Mr. Bieruta's July 29, 2011 appointment in that they failed to disclose or negligently and inadequately disclosed material risks.

21. On July 29, 2011, Defendant, by and through its agents, employees, and/or apparent agents, was negligent in one or more of the following ways:

    a. failing to obtain informed consent from Mr. Bieruta prior to administering the Pneumovax vaccine;

    b. failing to disclose potential risks associated with Pneumovax or the availability of alternative options and the risks and benefits of such alternatives prior to administering the vaccine; and/or

    c. failing to properly train and supervise staff to ensure proper procedures prior to administration of vaccinations.

22. As a direct and proximate result of Defendant's failure to disclose and to obtain Mr. Bieruta's informed consent, Mr. Bieruta was administered a vaccine to which he would not have otherwise consented.

23. As a direct and proximate result of one or more of the above referenced acts or omissions of Defendant's agents, employees, or apparent agents, Mr. Bieruta was administered the Pneumovax vaccine and sustained severe and ongoing injuries, including Guillain-Barre Syndrome and an array of related, life-threatening complications including, but not limited to, cardiac arrest and pneumonia, was caused to experience pain and suffering, and will in the future continue to experience pain and suffering, experienced and will in the future experience disability

and disfigurement, otherwise suffered a loss of his normal life, has lost and will in the future lose financial gains that he would have otherwise made and acquired, and has and will become liable for sums of money for hospital and medical care and attention.

24. Since the vaccination, Mr. Bieruta has been hospitalized for months at a time, his overall health has deteriorated and he continues to suffer from facial droop, anxiety, vision and hearing loss, vocal cord paralysis/damage, and fatigue.

25. Because of his vaccine-related injuries, Mr. Bieruta was unable to work for approximately fourteen months. Furthermore, while he was eventually able to return to work in October 2012, he is limited to a light duty position and struggles to perform or maintain his job.

26. Because of his health problems since his vaccination, Mr. Bieruta has also been limited in his ability to fully function at home, including limitations in his activities of daily living, his concentration, persistence and pace, and his social functioning.

**WHEREFORE**, Plaintiff Richard Bieruta requests that judgment be entered in his favor and against Defendant, UNITED STATES OF AMERICA, in an amount to be determined at trial.

## COUNT II
### Failure to Supervise

27. Plaintiff Richard Bieruta realleges and incorporates by reference Paragraphs 1 through 26 of Count I as Paragraph 27 of this Count II.

28. In the course of treating patients at the Hines VA Medical Center, a physician has the duty to exercise ordinary care in providing health care services to his or her patients, including Mr. Bieruta.

29. In the course of treating patients at the Hines VA Medical Center, a physician is often in a position to recommend or order the administration of vaccines and to supervise and/or control the administration of such vaccines.

30. Because of the potential risks involved in administering a vaccine incorrectly, administering an improper vaccine to a patient, or failing to properly obtain informed consent prior to administration of a vaccine, it is necessary for a hospital and its doctors and agents to establish a safe and effective protocol.

31. Because of these dangers associated with the adverse effects and risks resulting from the improper or incorrect administration of vaccines, it is necessary for the hospital to establish a series of written safeguards to prevent possible improper or incorrect administration of vaccines.

32. Hines VA Medical Center's protocol negligently failed to incorporate or implement various safeguards that would protect patients, including Mr. Bieruta, against the possible incorrect or improper administration of a vaccine where harm could result to a patient.

33. On July 29, 2011, Defendant, by and through its agents, employees, and/or apparent agents, was negligent in one or more of the following ways:

    a. There was no electronic order to administer the Pneumovax vaccine;

    b. There were no written instructions from the doctor directing the nurse to administer the Pneumovax vaccine;

    c. Verbal orders alone should not be sufficient to authorize administration of any vaccine; and,

    d. The nurse should not have authority to administer the vaccine without having written authorization or instructions from the doctor.

34. As a direct and proximate result of one or more of the above referenced acts or omissions of Defendant's agents, employees, or apparent agents, Mr. Bieruta was negligently administered the Pneumovax vaccine and sustained severe and ongoing injuries, including Guillain-Barre Syndrome and an array of related, life-threatening complications including, but not limited to, cardiac arrest and pneumonia, was caused to experience pain and suffering, and will in the future continue to experience pain and suffering, experienced and will in the future experience disability and disfigurement, otherwise suffered a loss of his normal life, has lost and will in the future lose financial gains that he would have otherwise made and acquired, and has and will become liable for sums of money for hospital and medical care and attention.

35. As a direct and proximate result of Defendant's failure to supervise the administration of vaccines, Mr. Bieruta was administered a vaccine that he should not have been given and which he would not have otherwise consented to.

**WHEREFORE**, Plaintiff Richard Bieruta requests that judgment be entered in his favor and against Defendant, UNITED STATES OF AMERICA, in an amount to be determined at trial.

## COUNT III
### Loss of Consortium

36. Plaintiff Nancy Bieruta realleges and incorporates by reference Paragraphs 1 through 35 of Count II as Paragraph 36 of this Count III.

37. Nancy Bieruta is the wife of Richard Bieruta and has been married to him since prior to July 29, 2011.

38. After he received the Pneumovax vaccine on July 29, 2011, Mr. Bieruta suffered from serious medical conditions, including Guillain-Barre Syndrome and an array of related, life-threatening complications.

39. As a direct and proximate result of one or more of the above referenced acts or omissions of Defendant's agents, employees, or apparent agents as stated in Counts I and II above, Mr. Bieruta was negligently administered the Pneumovax vaccine and sustained severe and ongoing injuries, including Guillain-Barre Syndrome and an array of related, life-threatening complications including, but not limited to, cardiac arrest and pneumonia, was caused to experience pain and suffering, and will in the future continue to experience pain and suffering, experienced and will in the future experience disability and disfigurement, otherwise suffered a loss of his normal life, has lost and will in the future lose financial gains that he would have otherwise made and acquired, and has and will become liable for sums of money for hospital and medical care and attention.

40. Since the vaccination, Mr. Bieruta has been hospitalized for months at a time, his overall health has deteriorated and he continues to suffer from facial droop, anxiety, vision and hearing loss, vocal cord paralysis/damage, and fatigue.

41. Because of his health problems since his vaccination, Mr. Bieruta has been limited in his ability to work and to fully function at home, including limitations in his activities of daily living, his concentration, persistence and pace, and his social functioning.

42. As a result of Defendant's negligent conduct causing Richard Bieruta's serious ongoing medical problems, plaintiff Nancy Bieruta has suffered injuries including but not limited to loss of consortium, society and companionship with her husband of which she has been deprived and in the future will be deprived, loss of potential wages due to increased time spent

caring for her husband, the reasonable value of the services of her husband of which she has been deprived and the present cash value of the services of her husband of which she is reasonably certain to be deprived in the future and the resultant mental and emotional distress related to the extra care that her husband now requires.

   **WHEREFORE**, Plaintiff Nancy Bieruta requests that judgment be entered in her favor and against Defendant, UNITED STATES OF AMERICA, in an amount to be determined at trial.

               Respectfully submitted,

               PLAINTIFFS RICHARD AND NANCY BIERUTA

               By: s/Edward Kraus

Dated: July 15, 2014          One of Plaintiffs' Attorneys

Edward Kraus
Atty. No. 6225374
Chicago-Kent College of Law
565 West Adams, Suite 600
Chicago, Illinois 60661-3691
(312) 906-5072

Tara O'Mahoney
Atty. No. 6306668
Chicago-Kent College of Law
565 West Adams, Suite 600
Chicago, Illinois 60661-3691
(312) 906-5000

Steven J. Plotkin
Atty. No. 2219778
2324 Park Place
Evanston, Illinois 60201
(847) 864-9158